IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIZARAY HARRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. : 6:25-cv- 1278 |
| | ) |
| NATIONWIDE CAPITAL SERVICES, LLC, d/b/a STRUCTURED SETTLEMENT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Dizaray Harrison, by and through her undersigned counsel, and for her Complaint against Defendant Nationwide Capital Services, LLC d/b/a Structured Settlement ("Defendant"), alleges and states as follows:

PARTIES

1. Plaintiff Dizaray Harrison is a citizen of the State of Kansas.

2. Defendant Nationwide Capital Services, LLC d/b/a Structured Settlement is a limited liability company organized under the laws of Nevada with its principal place of business at 4300 E. Sunset Road, Suite D1, Henderson, Nevada 89014.

3. At all times relevant to the allegations herein, Defendant has maintained a facility and conducts business in Hutchinson, Kansas, at 324 E. 4th Ave., Hutchinson, KS 67501, where the unlawful employment practices alleged herein occurred.

## JURISDICTION AND VENUE

4. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), as amended, and Kansas law.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and Defendant conducts substantial business within this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has exhausted her administrative remedies.

8. On or about November 10, 2024, Plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission (KHRC) and the Equal Employment Opportunity Commission (EEOC) (EEOC Charge No. 28D-2025-00119), alleging sex discrimination, harassment, and retaliation.

9. Plaintiff received her Notice of Right to Sue from the EEOC on or about September 5, 2025.

10. This Complaint is filed within ninety (90) days of receipt of said notice.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant in or around August 2023 as a debt collector.

12. Defendant promoted Plaintiff to the position of Manager on or about March 18, 2024.

13. Throughout her employment as a manager, Plaintiff was subjected to severe and pervasive sexual harassment and a hostile work environment by upper management, specifically Director Scott Kellogg.

14. Mr. Kellogg engaged in a pattern of inappropriate conduct directed at Plaintiff and other female employees based on their sex, including:

> a. Telling Plaintiff, she "should smile more because she's pretty then";
>
> b. Frequently asking Plaintiff for hugs;
>
> c. Inappropriately staring at Plaintiff's and other female employees' chests;
>
> d. Referring to a female employee as "Sexy Lexi";
>
> e. Stating in May 2024 that he would "give Lexi a spanking"; and
>
> f. Making sexually suggestive comments about female employees' clothing, stating he "wished it was lower" (referring to cleavage) or "wished skirts were higher;" and
>
> g. Mr. Kellogg told a female coworker that Plaintiff only received her promotion to manager because of the Plaintiff's short dress.

15. Michael Lightner, another manager, engaged in similar behavior towards Plaintiff before she was a manager.

16. Lightner is known to promote "quid pro quo" harassment. Mr. Lightner was known to condition his assistance to employees on sexual acquiescence. He hires young women he finds attractive. On information and belief, he has sexual relationships with female subordinates.

17. Mr. Lightner also openly commented on female employees' bodies, making statements such as "Look at your butt, it looks good!" while looking them up and down.

18. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive working environment.

19. Defendant failed to take prompt and effective remedial action despite its knowledge of the conduct.

20. On or about June 14, 2024, Defendant terminated Plaintiff's employment.

21. The stated reason for Plaintiff's termination was alleged "referral fraud" or violation of the employee referral bonus policy.

22. This stated reason was a pretext for gender discrimination and retaliation.

23. Similarly situated male managers engaged in the exact same conduct regarding referral bonuses—permitting employees who knew an applicant to claim a referral bonus—and were not terminated.

24. During her employment, Plaintiff witnessed serious violations of law within the workplace. Specifically, Plaintiff observed and became aware of employees possessing and using illegal controlled substances, including marijuana and fentanyl, on company property.

25. Plaintiff reported and opposed drug use on site and pushed for management to implement drug testing and to take action regarding a specific employee who was using drugs at work.

26. Defendant disregarded these complaints and discouraged Plaintiff from pursuing these issues. Plaintiff's termination occurred shortly after her efforts to enforce these laws and safety standards.

27. After Plaintiff was terminated, on January 28, 2025, law enforcement arrested one of Defendant's Hutchinson facility employees on a warrant. The employee had drugs on her.

28. Defendant's hostility toward Plaintiff has continued unabated since her termination, providing further evidence of discriminatory and retaliatory animus.

29. Following her termination, Defendant's owner conducted a company-wide Zoom meeting where he publicly disparaged Plaintiff, calling her a "thief" and a "prime example of a bad employee." Managers Scott Kellogg and Anthony LNU also maintained a "list" of negative talking points to use against her.

30. After Plaintiff was terminated, a relative of Plaintiff applied for employment with Defendant. Manager Michael Lightner rejected the application explicitly because of Plaintiff's protected activity.

31. Mr. Lightner stated that he was not hiring that "fucking stupid bitch's" relative because Plaintiff "is suing us."

32. One male employee got into an altercation with another female employee. The male employee put his hands on the female employee and spit on her. Plaintiff, as manager, recommended termination but Defendant declined to terminate the male employee.

33. One male employee was caught having sex with a coworker in the "relaxation room." Defendant made that male employee a manager.

34. Plaintiff has suffered damages as a result of Defendant's unlawful treatment of her.

## COUNT I
### Title VII of the Civil Rights Act of 1964
### (Hostile Work Environment / Sexual Harassment)

35. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

36. Plaintiff was subjected to unwelcome sexual harassment and gender-based conduct.

37. The harassment was based on Plaintiff's sex and was sufficiently severe or pervasive to alter the terms and conditions of employment.

38. Defendant acted willfully and in reckless disregard of Plaintiff's rights.

## COUNT II
### Title VII of the Civil Rights Act of 1964
### (Gender Discrimination/Retaliation — Termination)

39. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40. Plaintiff is a member of a protected class (female), was qualified for her position, and was performing satisfactorily.

41. Plaintiff opposed and resisted sexual harassment.

42. Defendant terminated Plaintiff.

43. Plaintiff's sex (female) was a motivating factor in Defendant's decision to terminate Plaintiff.

44. Defendant's stated reason for termination was a pretext for unlawful gender discrimination and retaliation.

45. Defendant acted willfully and in reckless disregard of Plaintiff's rights.

## COUNT III
### Kansas Common Law Retaliatory Discharge

46. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

47. A clear public policy exists in the State of Kansas encouraging citizens to report violations of the law and threats to public health and safety, specifically regarding the possession and distribution of illegal controlled substances.

48. A reasonably prudent person would have concluded that Plaintiff's co-workers were engaged in violations of rules, regulations, or the law pertaining to public health, safety, and the general welfare.

49. Plaintiff reported these infractions – illegal drug use on premises – to Defendant's management in good faith.

50. Defendant had knowledge of Plaintiff's reports.

51. Plaintiff was discharged in retaliation for making these reports.

52. There is a causal connection between Plaintiff's whistleblowing activities and her termination.

53. Defendant acted willfully and recklessly in violation of Plaintiff's rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dizaray Harrison respectfully requests that this Court enter judgment in her favor and against Defendant, and award her all damages arising from her employment with and termination from Defendant (including economic damages, noneconomic damages, punitive damages, and attorney's fees), interest, costs, and other relief that the Court deems just and equitable.

DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place of trial.

JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, including the formation of any alleged arbitration agreement.

Dated: December 1, 2025

Respectfully submitted,

/s/ Sean McGivern
GRAYBILL & HAZLEWOOD, LLC
Sean M. McGivern, #22932
218 N. Mosley
Wichita, KS 67202
Telephone: (316) 266-4058
Facsimile: (316) 462-5566
sean@graybillhazlewood.com
*Attorneys for Plaintiff*